**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
CHANNING MCINTOSH,

                                  Plaintiff,                        **25-CV-4350 (DEH) (KHP)**

              -against-                          **OPINION AND ORDER ON**
                                                              **MOTION TO WITHDRAW**

H&M HENNES & MAURITZ LP,
                               Defendant.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

      Counsel for Plaintiff Channing McIntosh filed a motion to withdraw as counsel and filed a supporting attorney declaration. (ECF No. 23.) According to the Declaration, According to counsel, Plaintiff has become unresponsive. Defendant does not oppose the motion. Plaintiff has filed a letter indicating that she wishes to engage new counsel. (ECF No. 30.)

      Withdrawal of counsel is governed by Local Civil Rule 1.4, which states:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court. Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien.

S. & E.D.N.Y.R. 1.4. The decision to grant or deny a motion to withdraw is within the district court's discretion. In making the determination, the Court should consider the reasons for withdrawal, and the impact of withdrawal on the timing of the proceeding. *Karimian v. Time Equities, Inc.*, No. 10-cv-3773 (AKH) (JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (citing S. & E.D.N.Y.R. 1.4).

Plaintiff's counsel has provided good reason for the withdrawal, and Plaintiff does not object to the withdrawal.  Moreover, this case is at its earliest stage.  Thus, while withdrawal will impact the timing of this proceeding slightly, this impact will not be so disruptive to warrant denial of the motion. *See Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-cv-6469 (DAB) (JCF), 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011) (explaining that where discovery has not yet closed and the case is not "on the verge of trial readiness," courts are unlikely to find that withdrawal will unduly impact the timing of the proceeding).

**Accordingly, counsel's motion to withdraw is GRANTED**.  Attorney Anderson shall serve a copy of this order on Channing McIntosh and file proof of service of same on the docket in this action.

Plaintiff's time to respond to the pending motion is extended to **February 27, 2026**. Defendant's time to file a reply is extended to **March 13, 2026**.

Plaintiff's new counsel shall file an appearance as soon as possible.  If no counsel makes an appearance by February 27, 2026, Plaintiff will be expected to respond to the motion in her pro se capacity.

**The Clerk of the Court is respectfully directed to terminate the motions at ECF No. 23 and terminate Yen-Yi Anderson of the law firm Anderson and Associates as counsel for Plaintiff.  Plaintiff will proceed pro se unless and until counsel makes an appearance on her behalf, and the Clerk is respectfully directed to note her pro se status on the docket.**

SO ORDERED.

DATED:  New York, New York  
February 4, 2026

_____  
KATHARINE H. PARKER  
United States Magistrate Judge